IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUDITH OCHOA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-1485-N |
| | § | |
| PERSHING LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Pershing LLC's ("Pershing") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) [55]. The Court agrees with Pershing that, as a matter of law, Plaintiffs may not rely on the tolling doctrine that they have identified to bring their claims within the applicable limitations period. Consequently, the Court grants the motion for judgment.

### I. THE ORIGINS OF THE MOTION

This case arises out of the Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under his control (collectively, "Stanford"). The facts of Stanford's scheme are well-established, *see, e.g.*, *Janvey v. Democratic Senatorial Campaign Committee, Inc.*, 712 F.3d 185, 188–89 (5th Cir. 2013), and are not recounted in great detail here. Reduced to its essence, Stanford's scheme involved the sale of fraudulent certificates of deposit ("CDs") issued by the Stanford International Bank Limited ("SIBL"), an offshore bank based in Antigua. Although Stanford represented to

ORDER – PAGE 1

investors that CD proceeds were only invested in low risk, high return funds, in reality the CD proceeds were used to finance Stanford's own extravagant lifestyle and pay off previous investors.

Plaintiffs here aspire to represent a class consisting of a subset of CD investors against Pershing, which served as clearing broker to the Stanford entities from 2005 until the collapse of Stanford's scheme in 2009. *See* Pl.'s Br. Supp. Class Certification 2–3 [41-1]. The proposed class in this case consists of CD investors who found themselves carved out of a related class action, *Turk v. Pershing, LLC*, Civil Action No. 3:09-CV-2199 (N.D. Tex. filed Nov. 18, 2009), after the putative class representative in that case amended their complaint to narrow the definition of the proposed class. Def.'s Mot. to Dismiss 2. While Plaintiffs have made extensive factual allegations in support of their causes of action against Pershing, the instant motion poses a relatively straightforward question: Whether the Court should dismiss the action under Rule 12(c) on the ground that Plaintiffs failed to file their lawsuit before the statute of limitations had expired.

To simplify the analysis, the Court catalogues the relevant factual and legal conclusions not subject to dispute for the purposes of this motion. The parties agree that the longest statute of limitations potentially applicable to this case is six years. *See* Def.'s Reply 1 [58] (noting that Plaintiffs did not object to this conclusion in their responsive briefing to this motion). Furthermore, for purposes of the motion, Pershing accepts — and Plaintiffs do not contest — that the latest possible date the statute of limitations could have started running is November 18, 2009. *Id.* Absent any basis for tolling the limitations period, therefore, Plaintiffs needed to commence litigation prior to November 18, 2015.

ORDER – PAGE 2

Plaintiffs, however, filed this action in May 2016 and therefore require some basis for tolling the statute of limitations. They have previously identified the principle first articulated in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) as the sole basis for tolling the statute of limitations such that their lawsuit is timely. Pl.'s Br. Supp. Class Certification 36–38.

## II. THE COURT GRANTS THE MOTION TO DISMISS
### A. The Rule 12(b)(6) Standard

A motion for judgment on the pleadings under 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002)). Under that standard, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

"A Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense." *Mann v. Adams Realty Co., Inc*, 556 F.2d 288, 293 (5th Cir. 1977). A court should grant dismissal under Rule 12(b)(6) "if a

ORDER – PAGE 3

successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Inc.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Thus, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007).

### B. Plaintiffs Failed to File Their Suit Within the Limitations Period

Pershing argues that the Court should dismiss this action for failure to state a claim on the grounds that it is time barred. As previously noted, Plaintiffs have argued that *American Pipe* tolling applies to their claims. Pershing now seeks dismissal on the grounds that a recent Supreme Court case, *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), renders *American Pipe* tolling inapplicable as a matter of law. Plaintiffs, for their part, argue that *Resh* is distinguishable because this class resulted from the unilateral action of the class representative in an earlier case and not from a denial of class certification, as was the case in *Resh*. This Court agrees with Pershing, concluding that *American Pipe* tolling does not apply to follow-on class litigation like this case.

In *American Pipe*, the Supreme Court announced a new tolling doctrine applicable to individual claims that follow a failed class action. The Court held that, after denial of class certification, putative members of the now-defunct class could intervene in the original action to press otherwise untimely individual claims if such claims would have been timely at the outset of the class action. *American Pipe*, 414 U.S. at 553–54. In other

ORDER – PAGE 4

words, the class action tolled the later individual claims from inception of the class action to denial of the class. The Court reasoned that allowing tolling would prevent class actions from becoming overburdened by the defensive filing of individual claims by putative class members seeking to protect themselves in the event that the trial court denied class certification. *Id.* at 554. A later Supreme Court case clarified that this tolling doctrine applied to new lawsuits brought by individuals following denial of class certification but left open the question of whether a follow-on class action should benefit from tolling. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983).

In *Resh* the Supreme Court addressed the applicability of tolling to follow-on class actions, limiting the scope of *American Pipe* tolling. The Court framed the question before it thusly: "Upon denial of class certification, may a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew beyond the time allowed by the applicable statute of limitations?" *Resh*, 138 S. Ct. at 1804. The Court held that *American Pipe* tolling did not apply to such a class action, limiting the doctrine to individual suits. *Id.* The Court based it's holding on two considerations. First, it reasoned that promoting judicial efficiency — a primary purpose of the *American Pipe* doctrine — required a different rule in the context of class actions than with respect to individual lawsuits. *Id.* at 1806–07. Second, allowing for tolling that would save otherwise time-barred follow-on class actions introduces the potential for nearly endless relitigation, a concern not present when putative class members make use of tolling to pursue their individual claims. *Id.* at 1808–09.

Plaintiffs urge the Court to distinguish *Resh* based on the fact that the class in this case did not come into existence as a result of a denial of class certification, as was the case in *Resh*. Secondary, or follow-on, class litigation may arise for one of several reasons not involving an outright denial of class certification. A district court may direct a class representative to amend his complaint and narrow the scope of a proposed class, or the same result may obtain by virtue of a district court's partial class certification. Alternatively, as happened here, the class representative may unilaterally narrow the scope of the proposed class. A careful reading of the reasoning in *Resh* is needed to determine whether that case's holding extends to follow-on class actions brought about for these reasons (none of which involves a full denial of class certification), or whether a class such as the one in this case should be able to make use of *American Pipe* tolling to bring an otherwise untimely class action lawsuit.

The policy considerations articulated in support of the holding in *Resh* support extending that case's holding to these facts, thereby denying Plaintiffs the benefits of tolling. Plaintiffs identify a conundrum posed by this motion: extending *Resh* to this case risks leaving potentially blameless litigants without recourse where the unilateral action of a third party cuts them out of a class after the limitations period has run.[1] The Supreme Court, however, crafted the rule that it did in *Resh* primarily to maximize efficiency and, in so doing demonstrated a preference for early involvement by competing class

---

[1] The Supreme Court, however, went so far as to suggest that a follow-on class representative might *never* succeed in showing adequate diligence in pursuit of his claims, a long-accepted precondition for obtaining the benefit of equitable tolling. *Id.* at 1808.

ORDER – PAGE 6

representatives and claims as the proper way for litigants to protect their interests. *See id.* at 1811 (noting that the "watchwords of *American Pipe* are efficiency and economy of litigation" and that the rule articulated in *Resh* would achieve this by "propel[ling] putative class action representatives to file suit well within the limitation period and seek certification promptly").

This preference applies regardless of how a follow-on class came to be formed. As the Court envisions its ideal of class-action economy, subclasses "might be pleaded in one or more complaints and taken up if necessary; as class discovery proceeds and weaknesses in the class theory or adequacy of representation come to light, the lead complaint might be amended or a new plaintiff might intervene." *Id.* at 1807 n.2. Achieving robust involvement by multiple constituencies at the outset of class litigation favors applying *Resh*'s holding to *any* attempt to bring a follow-on class action, regardless of whether denial has occurred in the original action or not.

The majority's rejection of an alternative approach — advanced in a concurring opinion — further supports extending *Resh*. Rather than a bright-line rule, the concurrence proposed an alternative that would have considered the basis for the denial of class certification in determining whether tolling applied to a successive class action. *Id.* at 1814 (Sotomayor, J., concurring). But the majority considered and rejected a narrowly tailored rule based on the text of Federal Rule of Civil Procedure 23 and out of a desire to maximize efficiency of class action litigation. *Resh*, 138 S. Ct. at 1809 n.5 (majority opinion). This preference for a bright-line rule in the context of post-denial follow-on class actions favors extending the rule to follow-on litigation that has arisen for other reasons. These reasons

ORDER – PAGE 7

all favor extending *Resh*'s holding to the analogous setting of a follow-on class action absent a denial of class certification in the earlier case.

Plaintiffs failed to file this suit within the time prescribed by the most lenient interpretation of the applicable statute of limitations. Having concluded that *Resh* governs the situation presented by this class action, the Court holds that Plaintiffs may not rely on *American Pipe* tolling, which is the sole basis for tolling that Plaintiffs have identified. Absent tolling, the six-year statute of limitations expired — at the latest — on November 18, 2015, but Plaintiffs did not file this lawsuit until May 2016. Hence, this action is untimely as a matter of law, entitling Pershing to judgment.

## CONCLUSION

For the foregoing reasons, the Court concludes that *Resh* controls this case. As a result, Plaintiffs may not rely on *American Pipe* tolling of the limitations periods applicable to their claims. Accordingly, the Court grants Pershing's motion for judgment on the pleadings.

Signed November 5, 2021.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 8